UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LITEL GILMORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-328 SRW ) |
| CITY OF ST. LOUIS, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Litel Gilmore, an inmate at the St. Louis City Justice Center, for leave to commence this civil action without prepaying fees or costs. The motion will be granted, and plaintiff will be required to pay an initial partial filing fee of $1.00. Additionally, the Court will give plaintiff the opportunity to file an amended complaint and will deny without prejudice his motion to appoint counsel.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not provided the Court with a certified copy of his inmate account statement. However, in a document filed after the complaint, plaintiff averred he requested the account statement but did not receive a response from his case worker. The Court will therefore not direct plaintiff to provide an account statement at this time and will instead assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the City of St. Louis, Missouri. The body of the complaint identifies no specific claims for relief and contains no factual allegations. Attached to the complaint are articles from different sources reporting a February 6, 2021 inmate protest at the St. Louis City Justice Center and incidences of COVID-19 in American correctional facilities, and a letter addressed "To Whom it May Concern." (ECF No. 1-3 at 4). In the letter, plaintiff writes:

> The intention of this letter is to provide specific clarity to media, courts, administrators, and agencies of change that our civil and constitutional rights, rights to Due Process, and the right to assemble peacefully are all being violated by the State of Missouri judicial system, we the inmates/detainees of housing unit 4C are being victimized while suffering oppression along with cruel and unusual punishment as well as corporal punishment.

*Id.* Plaintiff then describes conditions that affect the inmate population as a whole and writes: "WE SEEK SOME FORM OF CHANGE! Reasonable bonds and better health care and services." *Id.* at 6 (emphasis in original). The letter is signed by plaintiff and more than 20 other

3

people. Finally, plaintiff includes a note in which he writes: "I Litel Gilmore . . . respectfully request help in the matter of my constitutional rights and due process being violated." *Id.* at 7. Plaintiff avers he has been incarcerated for two years awaiting trial, and he avers the jail's health care facilities are inadequate to address his hypertension. He also avers he was maced and placed in a restraint chair on an unspecified date by unspecified persons. The note is unsigned.

After filing the complaint, plaintiff submitted two supplemental filings. (ECF Nos. 5 and 6). Contained within these filings are a health services request form dated February 15, 2021; a March 18, 2021 form on which plaintiff requested a copy of his inmate account statement; a December 31, 2020 letter addressed to plaintiff from the Missouri State Public Defender concerning a transfer of 56 people from the City Justice Center to the Medium Security Institution; and copies of the written correspondence plaintiff provided with the complaint.

## Discussion

The complaint is subject to dismissal. Plaintiff filed the complaint against the City of St. Louis. However, he alleges no facts that would state a claim of municipal liability, as required to maintain a claim against the City. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). It also appears plaintiff filed the complaint to seek relief on behalf of the inmate population as a whole. However, plaintiff lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Further, while federal law authorizes plaintiff to plead and conduct his own case personally, 28 U.S.C. § 1654, he is not a licensed attorney and therefore, may not represent other individuals in federal court. *See Lewis v. Lenc– Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986). Finally, while plaintiff indicates an intent to

4

raise some claims on his own behalf, he alleges no facts from which the Court can discern a plausible claim against any identifiable individual or entity.

Plaintiff will be given the opportunity to file an amended complaint to cure the deficiencies. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

5

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must avoid filing supplemental documents in an attempt to make changes to a complaint, including adding parties and claims. Instead, plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Plaintiff has also filed a motion to appoint counsel. The Court will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence of conflicting testimony, and the ability of the *pro se* litigant to present his claims. *Id.* After considering these factors, the Court concludes that the appointment of counsel is unwarranted at this time. Based upon the complaint, it does not appear that this case is factually or legally complex, nor does it appear that plaintiff will be unable to investigate the facts. In addition, the motion is premature. The Court will therefore deny the motion for the appointment

of counsel without prejudice and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this Order.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 3rd day of June, 2021.

*/s/ Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE