**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| LITEL GILMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-328 SRW |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon review of an amended complaint filed by self-represented plaintiff Litel Gilmore, a pretrial detainee at the St. Louis City Justice Center (also "Justice Center"). For the reasons explained below, this action will be dismissed at this time without prejudice, and plaintiff's motion for the appointment of counsel will be denied as moot.

**Background**

Plaintiff initiated this case to assert claims on behalf of himself and his fellow inmates. He claimed his rights and the rights of others were being violated due to unsanitary conditions at the Justice Center, a lack of adequate health care facilities, and a lack of due process during pending State criminal proceedings. He also stated he was maced and placed in a restraint chair on an unspecified date by unspecified persons. Upon initial review, the Court concluded the complaint was subject to dismissal because it failed to state a plausible claim on plaintiff's behalf and failed to state an actionable municipal liability claim, and because plaintiff impermissibly sought to bring claims on behalf of others.

The Court entered an order giving plaintiff the opportunity to file an amended complaint. In that order, the Court explained the reasons the original complaint was subject to dismissal, and

gave plaintiff clear instructions about how to prepare the amended complaint. Plaintiff has now

filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

### The Amended Complaint

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against the City of St.

Louis. He begins by writing: "I bring to the higher authorities of this Institution the cruelty and

unusual punishment that we as pre-trial detainees have to suffer due to the unprofessional

maintenance employees failure to properly fix the ventilation air vents in 4-Charlie Unit." (ECF

No. 10   at 4). Plaintiff alleges that germs spread through the ventilation system, causing a

hazardous situation that "may also cause damage to one's health and environment as well." *Id.*

Next, plaintiff claims he has been held for two years pending trial, despite the lack of evidence

against him. Next, he claims the Justice Center and the Medium Security Institution have "terrible

and poor Health Care Services which are not properly equip[ped] to assist with my Health

Conditions as well as serious Health Conditions of other inmates." *Id.* at 5. He alleges he has

hypertension and has been taken to the hospital twice, and has twice tested positive for COVID-

19. Finally, he claims the Justice Center and the Medium Security Institution are infested with

mold, insects and rodents, there is low water pressure and contaminated water, inmates are not

treated with respect, and mace is used unnecessarily. As relief, plaintiff asks this Court to help him

obtain a "reasonable bond," and award him "25.0000." *Id.* at 5, 8.

### Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous,

malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An

action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S.

319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## Discussion

Despite the Court's prior instruction, plaintiff again attempts to bring claims on behalf of the inmate population as a whole. That is impermissible. Plaintiff lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). Further, while federal law

3

authorizes plaintiff to plead and conduct his own case personally, 28 U.S.C. § 1654, he is not a licensed attorney and therefore may not represent other individuals in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986). Therefore, to the extent the amended complaint seeks to advance claims on behalf of people other than plaintiff, it is subject to dismissal.

The Court has thoroughly reviewed and liberally construed the amended complaint to determine whether it pleads facts that would state a plausible claim for relief on plaintiff's behalf, and concludes it does not. Plaintiff claims the City of St. Louis is liable to him because there are poor living conditions at the Justice Center and at a different facility, and because staff members are unprofessional and disrespectful and use mace unnecessarily. However, plaintiff alleges no facts that would explain how he personally was subjected to treatment or conditions that were unconstitutionally punitive, or that otherwise violated his constitutional rights, as necessary to state a plausible Fourteenth Amendment claim premised upon the conditions of his confinement. *See Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979).

Plaintiff also claims the Justice Center's medical facilities are inadequate to address his hypertension. However, he pleads no facts permitting the inference that any person acting under color of state law actually knew of, and yet deliberately disregarded, his serious medical need, as required to state a Fourteenth Amendment claim premised upon the denial of adequate health care. *See Jackson v. Buckman,* 756 F.3d 1060, 1065 (8th Cir. 2014). Plaintiff also claims the City of St. Louis is liable to him because he has been held for two years pending trial despite the lack of evidence against him. Plaintiff identifies no basis for holding the City of St. Louis liable for an alleged infirmity in his Missouri State Court criminal proceedings, and his allegation of infirmity is nothing more than a conclusory statement that is not entitled to the presumption of truth. *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

4

Finally, like the original complaint, the amended complaint fails to state an actionable municipal liability claim against the defendant. Section 1983 liability for a constitutional violation may attach to city like the defendant herein if the violation resulted from an official policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978), *City of Canton, Ohio v. Harris,* 489 U.S. 378, 389 (1989).  Absent a constitutional violation, however, there can be no municipal liability. *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017). Here, as discussed above, plaintiff's allegations fall short of alleging a constitutional violation. There can therefore be no claim against the City of St. Louis for any policies or customs leading to one. *See id.* Even if plaintiff had successfully alleged a constitutional violation, the amended complaint would not state an actionable claim against the defendant because it pleads no facts that would demonstrate the existence of a City of St. Louis Policy or custom that caused such violation. *See Ulrich v. Pope County,* 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of a *Monell* claim where the plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of the plaintiff's rights). Therefore, for all of the foregoing reasons, the Court will dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 8) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 1st day of November, 2021.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE